Joshua H. Haffner, SBN 188652
jhh@haffnerlawyers.com
Graham G. Lambert, SBN 303056
gl@haffnerlawyers.com
**HAFFNER LAW PC**
445 South Figueroa Street, Suite 2625
Los Angeles, California 90071
Telephone: (213) 514-5681
Facsimile: (213) 514-5682

Attorneys for Plaintiffs and all others similarly situated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

TEDDY BEAR ANDREWS, an individual; on behalf of himself and all others similarly situated, JOLEEN COOK, an individual; on behalf of herself and all others similarly situated,

Plaintiffs,

v.

MICHAELS STORES, INC.; and DOES 1 through 10, inclusive,

Defendants.

**Case No.**

**CLASS ACTION COMPLAINT FOR:**

**(1) FAILURE TO PAY MINIMUM WAGES;**
**(2) FAILURE TO PAY OVERTIME WAGES;**
**(3) FAILURE TO PROVIDE REST BREAKS;**
**(4) FAILURE TO PROVIDE MEAL BREAKS;**
**(5) FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS;**
**(6) FAILRE TO PAY ALL WAGES DUE AT SEPARATION;**
**(7) FAILURE TO KEEP ACCURATE PAYROLL RECORDS; and**
**(8) VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT, *BUS. & PROF. CODE* §17200, *et seq*.**

Plaintiffs Teddy Bear Andrews and Joleen Cook (together "Plaintiffs") bring this representative action against Defendant Michaels Stores, Inc., and Does 1 through 10 ("Defendants"), and respectfully alleges the following:

**NATURE OF THE ACTION**

1. This is a California statewide class action for wage and labor violations arising out of Defendants' failure to pay for off-the clock work, improper rounding, failure to pay overtime, and meal and rest break violations, among other Labor Code violations, relating to its non-exempt employees at its distribution center in Lancaster, California. As alleged herein, Defendants operate arts and crafts retail establishments, employ many California employees, and engage in a pattern and practice of failing to fully compensate them according to California law.

2. Defendants have a policy and practice of conducting security checks anytime its employees leave the distribution center, without providing compensation for that time which interfered with and exerted control over Class members, including during meal and rest breaks. This violates California law that rest break and meal break time is to be free of an employer's control and violates California minimum wage and overtime laws in that the employees are not compensated despite being under the employers control.

3. In addition, Defendants have a policy and procedure of rounding off time worked before the scheduled start time and after the scheduled end time for shifts to the detriment of the Class Members.

4. In this action, Plaintiffs and the Class seek all available remedies for Defendants wage and hour violations, including compensatory damages and statutory penalties.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court. The acts and omissions complained of in this action took place, in whole or in part, in the State of California. Venue is proper

because the accident took place within the venue of this Court, and/or one or more defendants reside within the venue of this Court.

**PARTIES**

6. Plaintiff Teddy Bear Andrews was, at all relevant times, a citizen of the State of California, and resident in the County of Los Angeles, employed by Defendants as a non-exempt employee.

7. Plaintiff Joleen Cook was, at all relevant times, a citizen of the State of California, and resident in the County of Los Angeles, employed by Defendants as a non-exempt employee.

8. Defendant Michaels Stores, Inc. was, at all relevant times, a Company doing business in the County of Los Angeles, State of California.

9. Plaintiffs are currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under the fictitious names Does 1 through 10, inclusive, and therefore sue such defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named defendants when their true names and capacities have been ascertained. Plaintiffs are informed and believe and thereon alleges that each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by the non-exempt employees.

10. Plaintiffs are informed and believes and thereon alleges that all defendants, including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent authorization and ratification of their co-defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction

with other allegations.

**FACTS COMMON TO ALL CAUSES OF ACTION**

11. Defendants operate a chain of retail arts and crafts stores throughout California. Plaintiffs' job title was Material Handler. Plaintiffs' job duties consisted of unloading products from trucks and scanning and sorting those products. Plaintiffs worked for Defendant as a Material Handlers at Defendants' warehouse distribution center in Lancaster, California.

12. At all relevant times, Defendants had a policy applicable to Class Members regarding the end of work. The policy required Plaintiffs and Class Members to clock-out, and then perform off-the-clock duties. Plaintiffs and Class Members' off-the-clock responsibilities include but are not limited to, undergoing security/bag checks prior to exiting the facility. This uncompensated off-the clock process undertaken by Plaintiffs and the Class regularly took 5-10 minutes.

13. On each occasion that Plaintiffs underwent a security check, whether for a meal break or the end of a shift, Plaintiffs worked off the clock time, regularly for 5-10 minutes, time for which they were not compensated.

14. Plaintiffs also had to undergo security checks during meal periods prior to exiting the facility. The security checks reduced the amount of time available to Plaintiffs and Class Members for their meal periods and constituted improper control over Plaintiffs and Class Members during meal periods. As a result, Plaintiffs and non-exempt employees were denied 30-minute meal periods. Defendants regularly did not provide Plaintiffs and Class Members, without a valid meal break waiver or other basis, with compliant meal periods following their first five hours of work, or a second meal period after 10 hours of employment. Moreover, even if there were a valid meal waiver, Defendants failed to provide compliant meal at all on multiple occasions after 12 hours worked. Plaintiffs and other Class Members worked multiple days where they were not given a meal period in compliance with California law.

15. Defendants security checks also reduced the amount of time available to Plaintiffs and Class Members for their rest breaks and Defendants failed to relinquish control over Plaintiff and non-exempt during rest breaks. Defendants also had a uniform policy that restricted Plaintiffs and Class Members from leaving the work premises during meal and rest breaks for at least some of the Class period.

16. In addition, Defendants' Lancaster facility is extremely large and is impossible to traverse to the break room without resulting in a rest break of less than 10 minutes or a meal period of less than 30 minutes. However, it was Defendants' policy that rest breaks and meal could not be taken on the floor. Thus, Defendants' either maintained control over Plaintiffs and the Class during the entirety of these breaks or impermissibly shortened them to less then the amount of time required by statute.

17. In, addition, Defendants failed to pay Plaintiffs and Class Members for all hours worked by impermissibly rounding to the detriment of Plaintiffs and Class Members. Defendants' policy rounded actual time entries to the scheduled start time if the actual time was within 5 minutes of the scheduled start time. However, Defendants required Plaintiffs and Class Members to be physically present at their workstation and ready to work at the scheduled start time to comply with Defendants' attendance policies and had a policy restricting Plaintiffs and Class Members from clocking in more than five minutes before the scheduled start time for a shift. As a result, Plaintiffs and Class Members necessarily had to clock in at a location away from their workstations, well before the scheduled start time in order to already be at their station at the scheduled start time. Defendants' policies and procedures also restricted Plaintiff and all non-exempt employees from being able to clock-in more than 5 minutes in advance of a shift. Thus, Plaintiff and non-exempt employees often lined up more than 5 minutes prior to a scheduled shift to wait until they could clock-in and then get to their assigned station in time to shift start. Furthermore, this policy also resulted in overtime and double time hours accruing earlier than when Defendants actually began to pay overtime and double time.

18. When Defendants did attempt to pay overtime and double time, Defendants failed to base the overtime and double time rate on the correct regular rate of pay. Defendants' computation of Plaintiff and non-exempt employees regular rate of pay fails to, among other things, take into account non-discretionary bonuses that should have been included in the regular rate calculation. Thus, Defendants underpaid Plaintiffs and Class Members for their overtime and double time work.

19. Defendants likewise failed to pay Plaintiffs and the Class the appropriate amount for meal and rest break premiums, which should have included the aforementioned non-discretionary bonuses.

20. Defendant's conduct, as alleged herein, has caused Plaintiff and Class members damages including, but not limited to, loss of wages and compensation. Defendants have failed to pay minimum wages, failed to pay overtime, failed to provide meal and rest breaks, failed to pay all wages owed each pay period, failed to provide timely and accurate wage statements, failed to pay all wages owed upon termination, and engaged in unfair competition.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

21. Plaintiffs brings this action on behalf of themselves, and on behalf of all others similarly situated, and as a member of the Class and Subclass defined as follows:

> **Class**: All residents of California who formerly or currently worked for Defendants as non-exempt employees at the Lancaster distribution center any time from the four years prior to the filing of this lawsuit through the date notice is mailed to the Class.

22. Plaintiffs reserve the right to amend or otherwise alter the class and/or sub-class definition presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendants or otherwise.

23. This action has been brought and may be properly maintained as a class action pursuant to Federal Rule of Civil Procedure 23 and other applicable law, as

follows:

24. **Numerosity of the Class:** Members of the Class are so numerous that their individual joinder is impracticable. The precise number of Class Members and their addresses are known to Plaintiffs or will be known to Plaintiffs through discovery. Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

25. **Existence of Predominance of Common Questions of Fact and Law:** Common questions of law and fact exist as to all members of the Class and/or subclass. These questions predominate over any questions affecting only individual Class and/or subclass members. These common legal and factual questions include:

a. Whether Defendants engaged in a pattern or practice of failing to pay Plaintiffs and the members of the Class minimum wage for time spent during security checks;

b. Whether Defendants engaged in a pattern or practice of failing to pay Plaintiffs and the members of the Class overtime for time spent during security checks;

c. Whether Plaintiffs and the Class were subject to Defendants' control prior to starting their shifts and/or during meal and rest breaks;

d. Whether Defendants' rounding policies unlawfully round off time to the detriment of Plaintiffs and the Class;

e. Whether Defendants violated Labor Code § 226.7 and the applicable IWC Wage Order by engaging in a pattern or practice of failing to properly provide and compensate Plaintiffs and the members of the Class with meal breaks;

f. Whether Defendants violated Labor Code § 226.7 and the applicable IWC Wage Order by engaging in a pattern or practice of failing to properly provide and compensate Plaintiffs and the members of the Class with rest breaks;

g. Whether Defendants violated overtime law by engaging in a pattern or practice of failing to include all non-discretionary bonuses when calculating the regular rate of pay;

h. Whether Defendant violated Labor Code §226 by failing to provide timely and accurate wage statements;

i. Whether Defendants violated Labor Code §§ 201, 202, and 203 by failing to pay all ages due at separation;

j. Whether Defendants violated

k. Whether Defendant engaged in unfair practice and violated California Business and Professions Code § 17200 by failing to provide and/or compensate Plaintiffs and the members of the Class for all time worked; and

l. The nature and extent of class-wide injury and measure of damages for the injury.

26. **Typicality**: Plaintiffs' claims are typical of the claims of the members of the classes and subclasses the represent because Plaintiffs were exposed and subjected to the same unlawful business practices employed by Defendant during the liability period. Plaintiffs and the members of the class they represent sustained the same types of damages and losses.

27. **Adequacy:** Plaintiffs are an adequate representative of the class and/or subclass they seek to represent because their interests do not conflict with the interests of the members of the classes and subclasses they seek to represent. Plaintiffs have retained counsel competent and experienced in complex class action litigation and Plaintiffs intends to prosecute this action vigorously. The interests of members of each class and subclass will be fairly and adequately protected by Plaintiff and their counsel.

28. **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiffs and the Class and/or Subclass members' claims. The violations of law were committed by Defendant in a uniform manner and class members were exposed to the same unlawful practices. The damages suffered by each individual Class and/or Subclass members may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct.

Further, it would be virtually impossible for the Class and Subclass members to redress the wrongs done to them on an individual basis. Even if members of the Class and/or Subclass themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system, due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

29. The Class and/or Subclass should also be certified because:

a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c. Defendant has acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Classes as a whole.

**UNLAWFUL FAILURE TO PAY ALL WAGES AND FAILURE TO PAY MINIMUM WAGES**
**(Violation of Labor Code §§ 204, 210, 221-223, 1182.11, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198; Wage Order No. 9-2001, §4)**
**(By Plaintiffs And The Class Against All Defendants)**

30. Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

31. Labor Code §1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful." Labor Code §§ 1182.11 and 1182.12 set the minimum wages for California Class period.

32. Labor Code §§ 221-223 prohibit employers from withholding and deducting wages, secretly paying a wage below the minimum wage or contractually agreed upon wage while purporting to pay the wage designated by statute or contract or otherwise artificially lowering the wage scale of an employee.

33. Labor Code § 1194, subdivision (a) provides: "Notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

34. Labor Code § 1194.2 provides in relevant part: "In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

35. Pursuant to IWC Wage Order No. 9-2001, at all times material hereto, "hours worked" includes "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, where or not required to do so."

36. Labor Code section 1198 provides in relevant part: "The maximum hours of work and the standard conditions of labor fixed by the Commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

37. Under Labor Code § 218.6 or Civil Code § 3287(a), Plaintiffs and other members of the Class are entitled to recover pre-judgment interest on wages earned, but not paid every pay period.

38. At all times relevant during the liability period, under the provisions of Wage Order No. 9-2001, Plaintiffs and each Class member should have received not less than the minimum wage in a sum according to proof for the time worked.

39. As alleged herein, Plaintiffs and members of the Class were not paid at all, or not paid minimum wage, for all time under Defendant's control.

40. As a result of Defendant's policies and practices, Plaintiffs and members of the Class were not paid for all time worked.

41. For all hours that Plaintiffs and Class Members worked, they are entitled to not less than the applicable minimum wage and, pursuant to Labor Code § 1194.2(a) liquidated damages in an amount equal to the unpaid minimum wages and interest thereon. Pursuant to Labor Code § 1194, Plaintiffs and Class Members are also entitled to their attorneys' fees, costs and interest according to proof.

42. At all times relevant during the liability period, Defendants willfully failed and refused, and continues to willfully fail and refuse, to pay Plaintiffs and Class Members the amounts owed.

43. Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiffs and all other similarly situated employees, and Defendants has done so continuously throughout the filing of this complaint.

44. As a direct and proximate result of Defendants' violation of Labor Code §§ 510 and 1197, Plaintiffs and other Class Members have suffered irreparable harm and money damages entitling them to damages, injunctive relief or restitution. Plaintiffs, on behalf of themselves and on behalf of the Class, seek damages and all other relief allowable including all wages due while working as Defendant's employees, attorneys' fees, liquidated damages, prejudgment interest, and as to those employees no longer employed by Defendants, waiting time penalties pursuant to Labor Code § 200 *et seq.*

45. Plaintiffs and the Class members are entitled to back pay, pre-judgment interest, liquidated damages, statutory penalties, attorneys' fees and costs, and for Plaintiffs and the Class of members no longer employed, waiting time penalties pursuant to Labor Code §§ 210, 218.5, 1194 1194.2 and 1197.1.

**SECOND CAUSE OF ACTION**
**UNLAWFUL FAILURE TO PAY OVERTIME**
**(Violation of Labor Code §§ 510 and 1194)**
**(By Plaintiffs And The Class Against All Defendants)**

46. Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

47. California Labor Code §510(a) provides that, "[T]he first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

48. Industrial Wage Order 4-2001(3)(A)(1)(a) also mandates that employers pay one and one-half times the employees' regular rate of pay for "the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek."

49. At all times relevant hereto, Plaintiffs and members of the Class were non-exempt for purposes of the overtime requirements set forth in the Labor Code and Wage Order.

50. Plaintiffs and members of the Class regularly worked in excess of eight hours per day and forty hours per week.

51. However, due to Defendants' unlawful rounding policies, time worked by Plaintiffs and the Class was improperly rounded off resulting in Plaintiffs and Class Members' overtime either being completely rounded off or reducing the amount of overtime earned.

52. Defendants also employ a policy, practice, and/or procedure of subjecting Plaintiffs and members Class to off-the-clock bag checks and/or security checks after they clocked out for meal periods and/or at the end of their shifts. Plaintiffs and members of the Class were not paid for this time, which either should have been paid at the overtime rate in and of itself, or resulted in the overtime rate kicking in earlier than indicated by Defendants due to Defendants' failure to account for this time.

53. In addition, Plaintiffs and Class members were not paid the proper overtime rate even when Defendants did attempt to pay overtime. Defendants failed to include non-discretionary bonuses when calculating the overtime rate.

54. Plaintiff and the Class seek compensation and penalties for the failure to pay legally required overtime.

**THIRD CAUSE OF ACTION**
**UNLAWFUL FAILURE TO PROVIDE MEAL PERIODS**
**(Violation of Labor Code §§ 512, 226.7 and 1198; IWC Wage Order No. 7-2001, § 11,)**
**(By Plaintiffs And The Class Against All Defendants)**

55. Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein

56. California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

57. Labor Code section 1198 provides, "[t]he maximum hours of work and the standard conditions of labor fixed by the Commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

58. IWC Order No. 7-2001(11)(A) provides, in relevant part: "No employer shall employ any person for a work period of more than five (5) hours without a meal

period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

59. Section 512(a) of the California Labor Code provides, in relevant part, that: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

60. Under Labor Code § 218.6 or Civil Code § 3287(a), Plaintiffs and other members of the Class are entitled to recover pre-judgment interest on wages earned, but not paid every pay period.

61. As alleged herein, Defendants failed to authorize and permit timely uninterrupted meal breaks during the Class period. Plaintiffs and members of the Class were routinely required to work without an uninterrupted meal break within five hours of starting work, at the direction of Defendants and/or with Defendants' knowledge and acquiescence. Plaintiffs and Class Members were entitled to meal periods, but Defendants did not relinquish control over them because their movement was constrained unless and until they underwent a security check and even when they did undergo a security check, the time spent travelling to and undergoing the check reduced their meal break to less than 30 minutes.

62. When Defendants paid one hour of compensation for missed meal breaks pursuant to Labor Code §226.7(c), Defendants also failed to include nondiscretionary bonus in calculating the one hour of compensation.

63. By its actions, Defendants violated California Labor Code §§ 226.7 and 512 and ¶¶ 7 and 11 of IWC Wage Order No. 7-2001, and is liable to Plaintiffs and the Class.

64. As a result of the unlawful acts of Defendants, Plaintiffs and the Class have been deprived of timely off-duty meal periods, and are entitled to recovery under Labor Code §§ 226.7(b) and § 11 of IWC Wage Order No. 7-2001, in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendants failed to provide its drivers with Plaintiffs and members of the Class all wages earned in excess of the normal work period no later than the payday for the next regular payroll period.

65. As a direct result of Defendants' conduct, Plaintiffs and members of the California Class suffered, and continue to suffer, losses related to the use and enjoyment of compensation due and owing to them, including the failure to pay an additional hour of pay for each day a meal period was not provided, in an amount to be shown according to proof at trial.

66. Plaintiffs, individually, and on behalf of the Class, seek all available remedies for Defendants' violations to the extent permitted by law, including pre-judgment interest on wages earned but not paid every pay period, plus interest, expenses and costs of suit.

## FOURTH CAUSE OF ACTION

**UNLAWFUL FAILURE TO PROVIDE REST PERIODS**

**(Violation of Labor Code §§ 226.7, 512, and 1194; IWC Wage Order No. 7-2001, § 12)**

**(By Plaintiffs And The Class Against All Defendants)**

67. Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

68. California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

69. IWC Order No. 7-2001(12)(A) provides, in relevant part: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work times is less than three and one-half hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

70. IWC Order No. 7-2001 (12)(B) further provides, "If an employer fails to provide an employee with a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

71. As alleged herein, Plaintiffs and Class Members were subject to Defendants' control, including but not limited to being constrained from leaving the premises and/or being constrained from leaving the premises without first going through a bag check during purported rest breaks. In addition, Defendants' Lancaster facility is extremely large and is impossible to traverse to the break room without resulting in a rest break of less than 10 minutes.

72. Defendants also did not authorize or permit, and actually discouraged Plaintiffs and Class Members from taking rest breaks and therefore Plaintiffs and Class Members were discouraged from taking rest breaks.

73. When Defendants paid one hour of compensation for missed rest breaks pursuant to Labor Code §226.7(c), Defendants also failed to include nondiscretionary bonus in calculating the one hour of compensation.

74. Plaintiffs' and Class Members' movements were so restricted that they could not take meaningful rest breaks.

75. By their actions, Defendants violated § 12 of IWC Wage Order No. 7-2001 and California Labor Code § 226.7, and are liable to Plaintiffs and the Class.

76. Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiffs and all others similarly situated and such conduct has continued through the filing of this complaint.

77. As a direct and proximate result of Defendants' unlawful action, Plaintiffs and the Class have been deprived of timely rest periods and/or were not paid for rest periods taking during the Class period, and are entitled to recovery under Labor Code § 226.7(b) in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendants failed to provide employees with timely and/or paid rest periods.

**FIFTH CAUSE OF ACTION**

**FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS**

**(Violation of Labor Code §§ 226, 226.3 and 246)**

**(By Plaintiffs And The Class Against All Defendants)**

78. Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

79. California Labor Code § 226(a) provides: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee…, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

80. Labor Code § 226(e) provides that an employee is entitled to recover $50 for the initial pay period in which a violation of § 226 occurs and $100 for each subsequent pay period, as well as an award of costs and reasonable attorneys' fees, for all pay periods in which the employer knowingly and intentionally failed to provide accurate itemized statements to the employee causing the employee to suffer injury.

81. Alternatively, Labor Code § 226.3 provides for a civil penalty in the amount of $250 per violation in an initial citation and $1,000 for each violation in a subsequent citation, for which the employer fails to provide the employee a wage statement or fails to keep the records required in section 226(a).

82. Labor Code § 246(i) states that: "An employer shall provide an employee with written notice that sets forth the amount of paid sick leave available, or paid time off leave an employer provides in lieu of sick leave, for use on either the employee's itemized wage statement described in Section 226 or in a separate writing provided on the designated pay date with the employee's payment of wages."

83. Under Labor Code § 218.6 or Civil Code § 3287(a), Plaintiffs and other members of the Class are entitled to recover pre-judgment interest on wages earned, but not paid every pay period.

84. Plaintiffs are informed, believe and thereon allege that at all times relevant, Defendants knowingly and intentionally failed to furnish and continues to knowingly and intentionally fail to furnish Plaintiffs and each Class member with timely and accurate itemized statements showing the actual gross and wages earned by each of them, as required by Labor Code § 226 (a), in that the payments owed to Plaintiffs and the members of the Class for unpaid minimum wages, unpaid overtime, and missed and/or unpaid meal and rest periods, were not included in gross wages earned by Plaintiffs and the Class. Defendants' 226 statements also failed to accurately show total hours worked

and gross/net wages earned. Defendants also did not provide Plaintiffs and the Class with written notice of the amount of paid sick leave available, or paid time off leave provided in lieu of sick leave, on either the itemized wage statement or another writing provided with the payment of wages.

85. Defendants' failure to provide Plaintiffs and members of the Class with accurate itemized wage statements during the California Class period has caused Plaintiffs and members of the Class to incur economic damages in that they were not aware that they were owed and not paid compensation for missed rest periods and on-duty meal periods, for hours worked without pay, and for overtime worked without pay. In addition, as set forth in Plaintiffs' herein, Defendants provided inaccurate information regarding hours worked, which masked their underpayment of wages to Plaintiffs and the Class. Plaintiffs and members of the Class were unable to promptly and easily understand and question the calculation of wages, rate of pay and hours worked. Because of the inaccurate 226 statements, Plaintiffs and members of the Class were unable to dispute miscalculated wages.

86. As a result of Defendants' issuance of inaccurate itemized wage statements to Plaintiffs and members of the California Class in violation of Labor Code § 226(a), Plaintiffs and the members of the Class seek damages, penalties, interest and attorneys' fees and costs, recoverable under applicable law.

**SIXTH CAUSE OF ACTION**
**FAILURE TO PAY ALL WAGES DUE AT SEPARATION**
**(Violation of Labor Code §§ 201-203)**
**(By Plaintiff And The Class Against All Defendants)**

87. Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

88. California Labor Code §§ 201 and 202 requires Defendants to pay all compensation due and owing to former drivers at or around the time employment is terminated. Section 203 of the California Labor Code provides that if an employer

willfully fails to pay compensation promptly upon discharge or resignation, as required by §§ 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

89. At all times relevant during the liability period, Plaintiff and the other members of the Class were employees of Defendants covered by Labor Code § 203.

90. Plaintiffs and members of the Class were not paid for all work they performed, including work performed off the clock, work performed after clocking in but improperly rounded off by Defendants, and work performed during meal periods. Defendants willfully failed to pay Plaintiffs and other members of the Class who are no longer employed by Defendants for their uncompensated hours, uncompensated overtime, and missed, untimely or on-duty meal and rest periods upon their termination or separation from employment with Defendants as required by California Labor Code §§ 201 and 202. As a result, Defendants are liable to Plaintiffs and other members of the Class who are no longer employed by Defendants for waiting time penalties amounting to thirty days wages for Plaintiffs and each such California Class member pursuant to California Labor Code § 203.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO KEEP ACCURATE PAYROLL RECORDS**

**(Violation of Labor Code §§ 1174 and 1174.5;**

**IWC Wage Order No. 7-2001)**

**(By Plaintiffs And The Class Against All Defendants)**

91. Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

92. Labor Code § 1174(d) provides: "Every person employing labor in this state shall: Keep…payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees."

93. Labor Code § 1174.5 provides that "[a]ny person who willfully fails to maintain… complete and accurate records required by subdivision (d) of Section 1174…

shall be subject to a civil penalty of five hundred dollars ($500)."

94. Defendants have violated Labor Code §§ 1174 and 1174.5, and IWC Wage Order No. 9-2001, §7 by willfully failing to keep required payroll records showing the actual hours worked each day by Plaintiffs and the Class as described above.

95. As a direct and proximate result of Defendants' failure to maintain payroll records, Plaintiffs and the Class have suffered actual economic harm as they were precluded from accurately monitoring the number of hours worked and thus all accrued wages.

96. Plaintiffs and the class are entitled to damages and statutory penalties pursuant to California Labor Code §§ 1174 and 1174.5.

## EIGHTH CAUSE OF ACTION

**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT**
**(Violation of California's Unfair Competition Law**
**Bus. & Prof. Code §§ 17200 *et seq.)***
**(By Plaintiffs And The Class Against All Defendants)**

97. Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

98. Section 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful, unfair, or fraudulent business practices.

99. Through its action alleged herein, Defendants has engaged in unfair competition within the meaning of the UCL. Defendants' conduct, as alleged herein, constitutes unlawful, unfair, and/or fraudulent business practices under the UCL.

100. Defendants' unlawful conduct under the UCL includes, but is not limited to, violating Labor Code §§ 201, 202, 203, 204, 221-223, 226(a), 226.7, 512, 400-410, 1174, 1174.5, 1194, California Wage Order No. 7-2001, and the other statutes and regulations alleged herein. Defendants' unfair conduct under the UCL includes, but is not limited to, failure to provide meal and rest breaks, failure to pay Class members wages and compensation they earned through labor provided, failing to pay overtime, and failing to otherwise properly compensate Class members, as alleged herein. Defendants' fraudulent

conduct includes, but is not limited to, issuing wage statements containing false and/or misleading information about the time the Class members worked and the amount of wages or compensation due.

101. Defendants' unlawful and unfair conduct has enabled Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

102. Plaintiffs have standing to assert this claim because they have suffered injury in fact and has lost money as a result of Defendants' conduct. Defendants have reaped and continue to reap unfair benefits and illegal profits at the expense of Plaintiffs and the Class members. Defendants must be enjoined from this activity and made to restore Plaintiffs and Class members their wrongfully withheld wages, interest thereon and related statutory penalties.

103. Plaintiffs and the Class seek restitution from Defendants, and a public injunction prohibiting them from engaging in the unlawful, unfair, and/or fraudulent conduct alleged herein.

**PRAYER**

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated and also on behalf of the general public, prays for judgment against Defendants as follows:

1. For damages for unpaid minimum wages for Defendants' failure to pay Plaintiffs and the Class for all hours worked at the minimum wage, including the time members of the Class worked off the clock and were not paid;
2. For liquidated damages pursuant to Labor Code Section 1194.2;
3. For underpaid overtime wages, as required by law;
4. For pay at the regular rate of compensation for meal and/or rest break violations pursuant to Labor Code Section 226.7(c)
5. For damages under Labor Code Section 226(e) for the failure to provide accurate wage statements in accordance with Labor Code §226(a);

6. For an order requiring Defendants to comply with Labor Code §226(a) with respect to all other currently-employed Class members;

7. For damages and/or penalties under Labor Code Sections 201, 202, and 203 for the failure to provide all wages due at separation;

8. For restitution of all unpaid wages, overtime and other monies withheld from Plaintiffs and the rest of the Class as a result of Defendants' unfair, unlawful or fraudulent business practices;

9. For an accounting of Defendants' records for the liability period;

10. For prejudgment interest;

11. For reasonable attorneys' fees and costs under Labor Code §§ 218.5, 226(e)(1) and/or Code of Civil Procedure §1021.5.

12. For costs of suit; and

13. Such other relief as the Court may deem just and proper.

DATED: March 16, 2021 **HAFFNER LAW PC**

By: /s/ Joshua H. Haffner
Joshua H. Haffner
Graham G. Lambert
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all claims so triable.

DATED: March 16, 2021

**HAFFNER LAW PC**

By: /s/ Joshua H. Haffner
Joshua H. Haffner
Graham G. Lambert
Attorneys for Plaintiff